UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSÉ L. CANALES CANCEL,

      *Plaintiff*,

  v.

DEPARTMENT OF HEALTH AND
HUMAN RESOURCES,

      *Defendant*.

Civil Action No. 1:25-cv-03397 (UNA)

### MEMORANDUM OPINION

Before the Court is Plaintiff's *pro se* Complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court grants the application and dismisses the Complaint without prejudice.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and Rule 8 requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). A complaint that is "full of irrelevant and confusing material" will fail the Rule's standard, and so will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (citation omitted). If a complaint fails to comport with the standards of Rule 8, the court may dismiss the pleading or the action. *Id.*

1

2

As drafted, Plaintiff's Complaint fails to meet the minimal pleading standard set forth in Rule 8(a). It rambles from topic to topic, describing applications for public assistance, medical appointments, instances of discrimination, and other matters, without managing to articulate a viable legal claim or provide Defendant with adequate notice of the claim(s) brought against it. The Court therefore dismisses the Complaint without prejudice.

A separate Order will issue.

DATE: November 5, 2025

_____
CARL J. NICHOLS
United States District Judge